UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PATRICK MORIN, et al.,

                         Plaintiffs,                   **ORDER**
                                                     CV 03-405 (LDW)(ARL)

          -against-

NU-WAY PLASTERING INC., et al.,

                          Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is the plaintiffs' motion pursuant to Rule 54(d)(2) of the Federal Rules of

Civil Procedure for an award of attorneys' fees and costs as provided by Section 502(g)(2)(D) of

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (g)(2)(D)

following the parties' Stipulation of Settlement and Judgment.  In support of their application,

the plaintiffs' have submitted a Notice of Motion for Award of Attorney's Fees and Costs, the

Affidavit of Marty Glennon dated April 14, 2005, a Memorandum of Law in Support of an

Award of Attorney's Fees and Costs and the Reply Affidavits of Marty Glennon and Stephen

Bowen dated May 19, 2005 and May 20, 2005, respectively.  In opposition, the defendants have

submitted the Affidavit of Francis X. Casale, Jr. dated May 9, 2005, the Affidavit of Marcella

Gambles dated May 10, 2005 and a Memorandum of Law.  For the reasons that follow, the

undersigned awards attorneys' fees in the amount of $13,151.81, audit costs in the amount of

$4,114.31 and disbursements in the amount of $434.81, for a total award of $17,700.93.

## DISCUSSION

       The plaintiffs, the trustees and fiduciaries of the Empire State Carpenters Welfare,

Pension, Vacation, Annuity, Scholarship, Labor-Management Cooperation and Charitable Trust

Funds (the "Funds") filed the complaint in this action on January 24, 2003 and, on May 16, 2003, filed an amended complaint seeking an award against the defendants consisting of unpaid fringe benefit contributions plus interest, liquidated damages, attorneys' fees and costs and other relief pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145. The defendants subsequently agreed to an audit and the firm of Schultheis & Pannettieri, LLP was retained to conduct an audit of the defendants' books and records. (Casale Aff. in Opp. at ¶ 7). An audit report was issued on September 18, 2003 reporting a deficiency of $83,312.80. (See Audit Report, annexed to the Glennon Aff. as Ex. 5). This report was subsequently revised three times and the amount of the deficiency was ultimately reduced to $4,016.20. (See Audit Reports annexed to the Glennon Aff. as Exs. 6, 7 and 9).

The parties then entered into a Stipulation of Settlement dated May 20, 2005, whereby the defendants agreed to pay $2,927.82 to settle the fringe benefit deficiencies alleged by the plaintiffs. (Glennon Aff. at ¶ 5). The parties further stipulated that the determination of the amount of reasonable attorneys' fees and costs due to the plaintiffs would be determined by the court. Accordingly, the plaintiffs seek an award of attorneys' fees in the amount of $17,535.75 and costs and disbursements incurred through March 14, 2005 in the amount of $6,393.18, for a total award of $23,928.93. (Glennon Aff. at ¶ 2). Defendants dispute this amount, claiming that it is excessive.

Pursuant to 29 U.S.C. § 1132(g)(2), the plaintiffs, as the prevailing party, are entitled to an award of attorneys' fees and costs. A plaintiff may be considered the prevailing party for attorneys' fees purposes "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Koster v. Perales, 903 F.2d 131, 134

(2d Cir. 1990) (quoting <u>Texas State Teachers Ass'n v. Garland Indep. School Dist.</u>, 489 U.S. 782, 109 S. Ct. 1486, 1491 (1989)). "At a minimum, the plaintiff must demonstrate a change in the legal relationship between itself and the defendant arising from the resolution of the lawsuit." <u>Id</u>. at 134 (citation omitted). This change in legal relationship may be accomplished through monetary settlement. <u>Id</u>. (citing <u>Hewitt v. Helms</u>, 482 U.S. 755, 760-761, 107 S. Ct. 2672 (1987) (additional citations omitted). In addition, "[a] plaintiff may be considered a prevailing party even though the relief ultimately obtained is not identical to the relief demanded in the complaint." <u>Id</u>. (citation omitted); <u>see also</u> <u>King v. JCS Enterprises</u>, 325 F. Supp.2d 162, 168 (E.D.N.Y. 2004) (finding no reason to reduce requested reasonable attorneys' fees based on alleged lack of success despite fact that complaint sought unpaid contributions in the amount of $396,000 and only $108,108 were actually awarded explaining "[t]hat the amount of unpaid contributions was less than originally sought does not diminish the level of the Trustee's success."). Moreover, in an action on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the award of attorneys' fees and costs is mandatory. <u>Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors</u>, 68 F.3d 1502, 1506 (2d Cir. 1995); <u>Devito v. Hempstead China Shop</u>, 831 F. Supp. 1037, 1042 (E.D.N.Y. 1993) (citations omitted).

Although the attorneys' fees and costs here exceed the actual amount of the settlement, the purpose of § 1132(g)(2)'s fee and cost shifting mandate is deterrence. <u>Lewart v. Woodhull</u>, 549 F. Supp. 879, 885-86 (S.D.N.Y. 1982); <u>Iron Workers</u>, 68 F.3d at 1506-07. Thus, the court declines the defendants' invitation to limit the award of attorneys' fees and costs to the sum reached in settlement of this case and will instead award the reasonable costs and fees expended

by the plaintiffs as is required by the statute.

**Attorney's Fees:**

In this Circuit, attorneys' fee awards are determined by calculating the "lodestar" figure, which is based on the number of reasonable hours expended, multiplied by a reasonable hourly rate. See Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987)). The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged. See generally, New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. Id. at 1147–48.

Contemporaneous time records:

The court has reviewed the records submitted by the plaintiffs for legal services rendered in connection with this matter. While the records are not, in some instances, abundantly detailed, the level of detail is sufficient to meet the requisite standard. Accordingly, the court finds that plaintiffs have satisfied the contemporaneous record requirement.

Reasonableness of Hourly Rates:

With regard to the reasonableness of the hourly rate charged, the hourly rate charged should be "'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" Cruz, 34 F.3d at 1159 (citing Blum v. Stetson, 465 U.S. 886, 896 n.11 (1984)). The "prevailing community" that a district court should consider is usually "'the district in which the court sits,' unless there has been a showing

that 'special expertise of counsel from a . . . [different] district was required.'" Id. (quoting Polk v. New York State Dep't of Correctional Servs., 722 F.2d 23, 25 (2d Cir. 1983)). In this district, prevailing rates have ranged from $200-$300 for partners, $200-$250 for senior associates and $100-$150 for junior associates. See, e.g., Aiello v. Town of Brookhaven, CV 94-2622 (FB), 2005 U.S. Dist. Lexis 11462, at *17-18 ( E.D.N.Y., June 13, 2005); King, 325 F. Supp.2d 169-70; Duke v. County of Nassau, CV 97-1495 (JS), 2003 U.S. Dist. Lexis 26536, at *5-6 (E.D.N.Y. April 14, 2003). The prevailing rate for paralegals is $75. Perdue v. C.U.N.Y., 13 F.Supp. 2d 326, 346 (E.D.N.Y. 1998).

Plaintiffs' papers set forth the position and experience of the individuals reflected on the time records. (Glennon Aff. at ¶ 11). The rates charged by each individual is within or below the prevailing rates in this District for the respective individual's position and experience and are thus reasonable rates. The hourly rates and hours billed appear in the following chart:

| Attorney | Status | Date | Rate | Hours | Total |
|---|---|---|---|---|---|
| Robert M. Archer | Member | 11/2/01 - 12/31/03 | $200 | .05 | $50.00 |
| | | 1/1/04 - 3/14/05 | $250 | .1 | $25.00 |
| John H. Byington | Member | 9/22/03 - 3/14/05 | $225 | 3.85 | $866.25 |
| Marty Glennon | Member | 12/28/01 - 12/31/03 | $175 | .25 | $43.75 |
| | | 1/1/04 - 12/31/04 | $185 | 3.5 | $647.50 |
| | | 1/1/05 - 3/14/05 | $190 | 5.25 | $997.50 |
| Richard Rodriguez | Associate | 9/6/01 - 12/31/01 | $ 90 | 6.8 | $612.00 |
| | | 1/1/02 - 3/14/05 | $125 | 31 | $3,875.00 |
| Kristina D. Judice | Associate | 4/3/04 - 3/14/05 | $125 | 79 | $9,875.00 |

| Elizabeth Murphy | Paralegal | 12/14/01 - 3/14/05 | $ 75 | 7.25 | $543.75 |

Total Attorneys' Fees:                                                  $17,535.75

<u>Reasonableness of Time Spent:</u>

An award of attorneys' fees must not only be based on reasonable rates, but the time

spent must also be necessary and reasonable.  Here, plaintiffs claim that a total of 198 hours were

expended in this matter.  (<u>See</u> <u>generally</u>, Glennon Aff. and Ex. 3 annexed thereto).  Defendants

assert that the time plaintiffs' attorneys expended was excessive and was due to mistakes

attributable to the plaintiffs.  (<u>See</u> <u>generally</u>, Aff. in Opp.).  Plaintiffs counter that the delays in

this litigation are attributable to defendants by their own failure to provide the information

needed to resolve the case. (<u>See</u> <u>generally</u>, Reply Aff.).  After a detailed review of the record, the

court finds that the time expended by plaintiffs' counsel is not unreasonable.   However, the court

notes that some greater economy of time might have been used, and will reflect this in

calculating the "loadstar" figure.

The court further notes that some overlap of efforts often occurs in litigation such as this.

This potential overlap is of particular concern when five attorneys and a paralegal work on a

single case.  Also, as the defendants urge, the overall sum achieved by the plaintiffs may be

considered in determining the reasonableness of the time spent on the matter, justifying a greater

deduction than usual in the "loadstar method."  <u>Devito</u>, 831 F.Supp. at 1045.  Although the time

records are sufficiently detailed to meet the requirement of contemporaneous time records under

the loadstar method, they are not so detailed as to provide the court a basis for concluding that

there was no duplication of efforts among the individuals who worked on this case or that all

entries were necessary to the litigation.

Using the "lodestar" method, courts in this Circuit have addressed concerns about the reasonableness of time spent by making necessary percentage cuts. Carey, 711 F.2d at 1146. Courts have applied a wide range of percentage cuts in determining attorneys' fee awards under §1132(g)(2)(D). See, e.g., Devito, 831 F.Supp. at 1045 (reducing a §1132(g)(2)(D) fee award by 40% due to duplication in work, insufficient descriptions of some of the work done and the overall sum achieved); NYSA-ILA Medical and Clinical Services Fund v. Salco Trucking Corp., CV 90-5949 (CSH), 1995 U.S. Dist. Lexis 9321, at * (S.D.N.Y. 1995) (reducing a § 1132(g)(2)(D) fee award by 20% due to representation by two law firms and "excessive, but not outrageous, amounts of time [spent] performing certain work"). To reflect the court's concerns as stated above, the total attorneys' fees award is reduced by 25%. Thus, the court awards the plaintiffs' attorneys' fees in the amount of $13,151.81.

**Costs and Expenses:**

Audit Costs:

The plaintiffs are entitled to an award of audit costs under § 1132(g)(2)(E) which allows for an award of "other . . . equitable relief the court deems appropriate."[1] See King, 325 F.Supp.2d at 172 (discussing that several district courts have allowed auditors' fees pursuant to 29 U.S.C. § 1132(g)(2)(E), collective bargaining agreements or a combination of both); New York State Teamsters Conf. Pension & Retirement Fund v. Empire Airgas, Inc., CV 95-1313, 1996 U.S. Dist Lexis 836, *8 (N.D.N.Y 1996) ("[A]warding reasonable audit costs furthers the purpose of section 1132 in providing full reimbursement for pension plans suing for delinquent

---

[1] The court notes that while the plaintiffs seek recovery of audit costs pursuant to § 1132(g)(2)(D), audit fees are recoverable under under sub-section E.

contributions.").  Reasonableness may be determined by applying the same standards that generally apply to attorneys' fees awards.  King, 325 F.Supp.2d at 173–174.

Plaintiffs have submitted the billing records of the auditing firm, Schultheis & Panettieri, which set forth the names of the employees who worked on the audit, the hours spent by each employee, the billing rate of each employee, each employee's position in the firm and the dates on which work was performed.  (Glennon Aff. at ¶ 8, Ex. 2).  The rates charged for each respective position here are $155 for partners, $85 for manager/supervisors and $60 for staff. Although there is no clear prevailing rate for auditors, the rates charged here are not so high as to raise concerns about their reasonableness.  Moreover, while the billing sheet contains no detail about the work done, the actual audit reports set forth the procedures used in preparing the reports.  (Glennon Aff. at ¶¶ 19-21, Ex. 5–7).  In addition, plaintiffs have submitted the affidavit of Stephen Bowen, the payroll audit manager at Schultheis & Panettieri, detailing his experience and the procedures entailed in the audits.  Thus, the court finds that the records submitted are sufficient to allow the court to determine the reasonableness of the audit costs.  However, the same concerns expressed in awarding attorneys' fees are present here.  Some greater economy of time might have been used by the accounting firm and some overlap of efforts may have occurred where ten employees worked on preparing the reports.  Therefore, the court will, exercising its discretion, reduce the auditing fees by the same percentage the attorneys' fees were reduced: 25%.  Thus, the court awards the plaintiffs audit costs in the amount of $4,114.31.

Costs:

Plaintiffs also seek an award of costs totaling $907.43.  Included in the itemized list of

costs are filing fees, computer assisted legal research charges, process service fees, travel expenses, UPS charges, and "Dun & Bradstreet" charges. The court finds that while the documentation provided is adequate, some of the costs sought are not reimbursable.

Costs are reimbursable "as long as they were incidental and necessary to the representation" of the client. Securities and Exch. Comm'n v. Goren, 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003) (internal quotation omitted). The cost of transportation is not incidental to the representation and thus not reimbursable. New Leadership v. Davidson, CV 97-2271 (NG), 1997 U.S. Dist. Lexis 22987, at *25 (E.D.N.Y. 1997). Plaintiffs have included no information about the nature of the expense marked "Dun & Bradstreet," thus the court cannot determine if this was a necessary legal expense and finds it not reimbursable. See id. at n.7 (declining to include a fee paid to "United Lawyers" where plaintiffs failed to provide any information regarding the nature of that organization or the reason for the fee); see also Cook v. VFS, Inc., C-3-96-191, 2000 U.S. Dist. Lexis 15621, at *19 (S.D. Ohio 2000) (finding expense incurred in obtaining a "Dun & Bradstreet" report not reimbursable).

The plaintiffs also include LEXIS and Westlaw legal research fees. Computerized research "is merely a substitute for an attorney's time that is compensable under an application for attorney's fees and is not a separately taxable cost." United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996); see also Goren, 272 F. Supp. 2d at 214 (internal citation omitted). Thus, the charges for legal research will not be reimbursed. Subtracting the charges for legal research which amount to $170.44, travel expenses which amount to $18.85, and for Dun & Bradstreet which amount to $283.33 the court awards costs in the amount of $434.81.

**CONCLUSION**

For all the reasons set forth above, plaintiffs are awarded attorney fees in the amount of $13,151.81, audit costs in the amount of $4,114.31 and legal costs in the amount of $434.81, for a total award of $17,700.93.

Dated: Central Islip, New York
      December 19, 2005

SO ORDERED:

/s/

_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge